FILED

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

2018 JAN -2 PM 1: 18

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

RAYON "KEKO" PAYNE
ORLANDO, FL

                Plaintiff,

          v.

KENNETH IVY,
aka Pimpin Ken
2017 Village Grn
Richardson, TX 75081-5479

           And

WARREN K. BARCONIA
aka GGov
6434 Copper Creek Dr
Dallas, TX 75248

           And

AKUA EDU BURNS
aka Joi Love
3628 Crossvale Rd
Lithonia, GA 30038

           And

BRIAN DINGLE,
aka 304's -16's And Weirdo's
3511 W 115th St
Inglewood, CA 90303

           And

ASHLEY M. GERMON
1830 East Broadway
Suit#124-250
Tucson, AZ 85716

JOHN & JANE DOE'S (1-50)

           Defendants.

Civil Action No:  6:18-CV-00003-ORL-18-KRS

JURY TRIAL DEMANDED

1

## COMPLAINT

Plaintiff Rayon "Keko" Payne, Pro Se, sues the Defendants, acting in concert, jointly and severally, in this civil action for Common Law Defamation Per Se (libel and slander), General Defamation (libel and slander), Intentional Infliction of Emotional Distress, Tortious Interference with Prospective Advantage, and Assault, as a result of Defendants causing actual damages, compensatory damages, and giving rise to punitive damages as well, including continuing and aggravated harm to the Plaintiff's professional, business and personal reputation and livelihood. As grounds therefore, Plaintiff alleges as follows:

### i.   **JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 under diversity of citizenship. The parties are citizens of different states and the amount in controversy exceeds $75,000. Also, the Causes of Action arose in this district.

2. Venue is proper for Defendants pursuant to 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(e).

3. The Causes of Action and the injuries were caused to the Plaintiff by the Defendants' defamation and other tortious conduct in this district, Florida in general, nationwide, and internationally.

4. In addition, some of the most recent commercial opportunities for the Plaintiff's work were contracts and projects made available through businesses in Florida.

5. The State of Florida is the third (3rd) largest state by population within the entire United States such that a huge and substantial portion of the nationwide harm has occurred in Florida.

ii.  **THE PARTIES**

6.  Rayon "Keko" Payne is a natural person an individual who runs a Blog site "Folksalert" which covers "Human Trafficking" crimes, and has been a legal resident of the United States for over 30 years. He is a citizen of Florida, which as set forth above, is where much of his work has taken place and will continue to take place. Mr. Payne is NOT a convicted sex offender, and no convictions of moral turpitude.

7.  Kenneth Ivy is a natural person who's a self proclaimed pimp who uses the moniker "Pimpin Ken" appeared in the HBO documentary "Pimps Up's Hoe's Down" and the movie "American Pimp". He has wrote two books "Pimpology: The 48 Laws Of The Game" and "The Art Of Human Chess: A Study Guide To Winning". And aside from that he has a great deal of videos on Youtube where he teaches others how to be a successful pimp.

8.  Warren K. Barconia is a natural person who uses the moniker "GGov" he has appeared if several pimp DVD documentary. He is two time winner of "Pimp of the year" and has a strong presence on social network where he promotes the pimp lifestyle.

9.  Akua E. Burns is a natural person who uses the moniker "Joi Love" upon information and belief she's a prostitute who uses social media to promote her services as well her website www.joilove.com

10. Brian Dingle is a natural person upon information and belief he's a pimp in the Los Angles area and run pimp social network pages "304's 16's And Weirdo's"

11. Ashley M. Germon is a natural person upon information and belief she's a gossip

blogger who runs the social network pages "Fameolous" and website www.fameolousdaily.com.

12. John and Jane Doe's are unknown and not yet know to Plaintiff but he will move to amend this complaint to include those parties.

iii.   **FACTS COMMON TO ALL COUNTS**

13. Plaintiff Payne sues for harm and thus damages in this district, Florida in general, nationwide and internationally to himself as an individual, which damages include financial harm to his business reputation as an individual and his business and professional opportunities as an individual, intentional infliction of emotional distress, and assault for placing

14. Plaintiff Payne in immediate fear of bodily harm, injury, and death, by individuals who may believe the Defendants lies that Plaintiff is a snitch and working with the FBI as Defendants claims.

15. Plaintiff Payne sues for harm to his financial interests as an individual owner, investor, partner, shareholder and/or employee of companies impacted by these events, which has resulted in financial harm to Plaintiff Payne as an individual through the loss of value of his ownership interests in those companies as a result of Defendants' defamation and other tortious conduct.

16. Plaintiff Payne sues for harm to his financial interests as an individual in the entertainment business, streaming media, podcast, app business interest, present on social network and which have been harmed by Defendants' defamation and other tortious conduct, as well as other harm and thus damages to be uncovered during discovery.

4

## Rayon Payne Not a Public Figure

17. Plaintiff Payne is a private citizen and at all material times acted individually and in business.

18. Plaintiff Payne has not sought any form of publicity, public note or prominence outside of implementing his own business affairs in private transactions.

19. Plaintiff Payne has not sought or held any public office or Government position within the Government.

20. Plaintiff Payne thus is not a public figure based on facts, including his work on his blog site "Folksalert".

21. Plaintiff Payne has not sought or acquired any position of public power or influence which would give him the ability to protect himself apart from the courts within the meaning of *New York Times v. Sullivan, 376 U.S. 254 (1964)*.

22. Plaintiff Payne is not a public figure within the meaning of *New York Times v. Sullivan, 376 U.S. 254 (1964) or its progeny.*

## Defamation of Plaintiff Rayon Payne by Defendants
## Kenneth Ivy And Warren K. Barconia in Recent Social Media Post

23. On November 27th, 2016, Post a video on Youtube "19 year old girl asked to wear a wire on Pimpin Ken, by Keko the snitch.. Folksalert works with FBI and police. Set up Pimpin Ken. Try and trap Pimpin Ken." See Youtube link as Exhibit (A) https://youtu.be/VM85Y17wyN4 .

24. This post was made from the user account "Pimpin Ken" which has 12k subscribers and the video currently have 163,390 views.

25. On information and belief the video started streaming into Florida in November 2016 throughout this district, Florida in general, the United States as a whole,

internationally, and on the Internet.

26. Many of Defendant Ivy's and the other Defendants' libelous and slanderous statements were made during a Youtube talk show "Too Real For TV" interview during September 2016, October 2014, and November, 2016, some spoken, some in print and elsewhere.

See Youtube Link:

Exhibit (B) https://youtu.be/FqgCuqzJFjE

Exhibit (C) https://youtu.be/JV2KhsQhCEk

27. Plaintiff Payne was contacted by a prostitute name Kelsie Huffman via Instagram who expressed she had a story to tell because it widely known that Plaintiff blog covers Human Trafficking. Ms. Huffman said she knew "Pimpin Ken" and he wanted to be her pimp and that's how contacted was made and resulted in a recorded conversation in which Defendant Ivy express interest in meeting with Ms. Huffman.

28. On September 17th, 2016, Defendant Warren K. Barconia did a Youtube interview with a convicted sex trafficker name Derrick Avery and use the moniker Pimp Snooky. The video was title "Pimp Snooky live on chuch radio with G Gov Tha Governor. Pimp Snooky, talks about his dealings with the federal government. Also Snooky touch base on folksalert and Rayon Payne with his suspicious activity by Bating people to his website for investigation". See Youtube link Exhibit (D) https://youtu.be/8Oa5SjKSkmA .

29. Defendant Ivy and the other Defendants have misrepresented the truthful story of these events by faulting the wrong parties and thus defaming Plaintiff Payne.

30. Defendants' defamation of Plaintiff Payne is false and malicious.

31. In the alternative, Defendants, all of them, jointly and severally, manufactured the alleged facts pled in this Complaint.

## Use of False And Misleading Court
## Documents by Defendants or Failure to Fact Check

32. Thus, either the Defendants, all of them, had in their possession Court documents which are public on the internet which clearly express that Plaintiff convictions were overturned he's NOT a rapist, he's not a register sex offender, nor that he works with any Government law enforcement agency. But Defendants falsified information or made up the entire defamatory story about Plaintiff Payne for sensationalism and thus just to get attention on social network to get followers and profits.

33. Defendants create a FDLE sex offender flyer and shared it via social network "Folksalert Owner Rayon Keko Payne Convicted Of A Sex Crime" see Youtube link Exhibit (E) https://youtu.be/KU1JYqofxVk

34. On or around December 10th, 2017, Akua E. Burns texted Plaintiff Payne saying, "You are a convicted rapist n domestic violence abuser and felon know to carry a gun...." The Plaintiff has no such convictions see attached Exhibit (F)

35. Defendant Ivy and the other Defendants' defamatory and false and misleading factual assertions, descriptions, and reports.

## Actual Malice and Punitive Damages:
## Defendant Ashley M. Germon is an Expert in Journalism

36. Actual malice can be found if Defendants published defamatory statements with a reckless disregard of the truth or used slipshod or sketchy investigative

techniques.

37. Reckless disregard of the truth can be shown when there is little investigative effort expended initially or signals of the falsehood of reporting are ignored, or no additional inquires were made after the editors knew or should have known that the published accounts were untrue.

38. Actual malice can also be proved by circumstantial evidence. Evidence of negligence, of motive and of intent may be adduced for the purpose of establishing, by cumulation and by appropriate inferences, the fact of a defendant's recklessness or of her knowledge of falsity. *Reader's Digest Assn. v. Superior Court 37 Cal.3d 244, 257 (1984)*.

39. Defendant Germon wrote on her Instagram page "Rayon Payne is a convicted rapist and a register sex offender" to million of user on Instagram sure if she search with the U.S. Department of Justice to facilitate a free nationwide search for **sex offenders** or the FBI website she would have see that Plaintiff isn't a register sex offender and did her due diligence as a blogger.

40. Defendant Germon ignores evidence that should have warned her and the other Defendants that their false and misleading post were wrong.

### Tortious Interference: Akua E. Burns And Brian Dingle

41. Defendant Burns and Dingle repeatedly interfered with the Plaintiff business buy filing false reports on social network sites and setting up fake pages as Plaintiff's business Folksalert. See Exhibit (G)

42. On or around November 23rd, 2017 Defendant reported the Plaintiff "Gotfolks" page as spam and has filed a number of false report with Facebook against the

Folksalert Facebook fan page.

43. The actions of Defendants cause a great deal of stress and hardship on Plaintiff.

iv.    **CAUSES OF ACTION**

**FIRST CAUSE OF ACTION**
*Common Law Defamation "Per Se"*

44. Plaintiff repeats and re-alleges each and every allegation of the foregoing paragraphs as if fully set forth herein.

45. The Defendants – all of the Defendants – together and each of them acting in concert, jointly and severally, and individually, have defamed the Plaintiff by knowingly, intentionally, willfully, or negligently publishing statements about the Plaintiff which they knew or should have known to be false.

46. Defendants together and each of them acting in concert, jointly and severally, and individually, made false statements that are Defamation Per Se, accusing Plaintiff of being a rapist, crime, scams, and working with the FBI.

47. Among other accusations, Defendants state that Plaintiff Payne is a snitch and is a informant for the Government, which published and accused Plaintiff Payne of having committed crimes under the *False Claims Act, 31 U.S.C. §§ 3729 – 3733*, and also common law and statutory fraud. This is Libel Per Se.

48. Defendants, together and each of them acting in concert, jointly and severally, and individually, knew that their public statements about the Plaintiff would cause severe damage to the reputation, business opportunities, social relationships, and the career of Plaintiff Payne.

49. A statement is per se defamatory if it falsely imputes to another conduct, characteristics, or a condition incompatible with the proper exercise of his lawful

9

business, trade, profession or office; in other words, or if it tended to injure Plaintiff in his trade or profession.

50. A statement is also per se defamatory if "it imputes to another (a) a criminal offense amounting to a felony, or (b) a presently existing venereal or other loathsome and communicable disease, or (c) conduct, characteristics, or a condition incompatible with the proper exercise of his lawful business, trade, profession, or office, or (d) the other being a woman, acts of unchastity." *Campbell v. Jacksonville Kennel Club, Inc., 66 So. 2d 495, 497 (Fla. 1953) citing Restatement, Torts, Section 570.*

51. For Defamation Per Se, actual malice need not be shown because damages are presumed. *Campbell v. Jacksonville Kennel Club, Inc., 66 So. 2d 495, 497 (Fla. 1953); Wolfson v. Kirk, 273 So. 2d 774 (Fla. Dist. Ct. App. 4th Dist. 1973).*

52. Statements are "defamatory per se," recognized under Florida law when statements are so powerful in their ability to hurt someone that Florida law presumes harmful as a matter of law. *Montgomery v. Knox, 23 Fla. 595, 3 So. 211, 217 (1887),* such that a court will allow damages to be awarded in these cases even if no evidence of harm has been presented. "[T]he law presumes malice in their utterance," *Abraham v. Baldwin, 52 Fla. 151, 42 So. 591, 592 (1906),* where the words are "... of such common notoriety established by the general consent of men, that the courts must of necessity take judicial notice of its harmful effect." *Layne v. Tribune Co., 108 Fla. 177, 146 So. 234, 236 (1933).*

53. As Libel Per Se, Defendant Ivy, acting on behalf of himself and the other Defendants, published statements about the Plaintiff that he is a snitch and

working with the FBI. And he is a rapist.

54. *First from Youtube Published on Aug 11, 2016, See link*

*https://youtu.be/c_4CrDM8_oo*

"*http://www.TooRealForTV.com*    *Documentary    Filmmaker    Michael    Maroy*

*addresses rumors internet haters and reports the life of Rayon Sherwin Payne aka*

*Jr. Career criminal and ultimate failure in a short film "This is Your Life."*

55. *Second from Youtube Published on Sep 3, 2016 – See Link*

*https://youtu.be/FqgCuqzJFjE*

"*Ken Ivy aka Pimpin Ken goes on a rant totally destroying his former friend and*

*Rayon Payne by attacking his credibility and reasoning behind all his motives to*

*become a professional hater. See the full story at http://toorealfortv.com/the-*

*pimpin-ke... According to Ivy, It appears the motivation comes from Payne*

*wanting to be accepted into the culture but was not. Because of this Payne has a*

*deeply rooted hatred for all participants of the game. Meanwhile he attempts to*

*participate in the lifestyle by constantly pursuing female prostitutes to begin a*

*relationship so they can finance his meager living expenses. He stays secluded*

*living in Orlando, Florida virtually homeless. Public records show apartment*

*evictions, criminal history and being wanted for child support payments. In an*

*exclusive interview with Too Real For TV, Rayon Payne's common law wife and*

*mother of two children said how Rayon moved in with her family to sleep on her*

*mothers floor. He owns no car, has no money and can not take care of his kids.*

*Rayon Payne has became a vagabond with a dismal existence. He is an*

*undiagnosed sociopath with delusions of grandeur, that desperately needs help*

*and could endanger himself and others. With every break up and separation of*

*friendship Rayon seems to get more distant from reality".*

**56. Third from Youtube Published on Sep 17, 2016 – See Link**

**https://youtu.be/8Oa5SjKSkmA**

*"Pimp Snooky live on chuch radio with G Gov Tha Governor. Pimp Snooky, talks*

*about his dealings with the federal government. Also Snooky touch base on folks*

*alert and Rayon Payne with his suspicious activity by Bating people to his website*

*for investigation. Tune in the chuch radio on blog talk".*

**SECOND CAUSE OF ACTION**
**Common Law General Defamation**

57. Plaintiff repeats and re-alleges each and every allegation of the foregoing

paragraphs as if fully set forth herein.

58. The Defendants – all of the Defendants – together and each of them acting in

concert, jointly and severally, and individually, have defamed Plaintiff by

knowingly, intentionally, willfully, or negligently publishing statements about the

Plaintiff which they knew or should have known to be false or misleading.

59. To establish General Defamation, a plaintiff need only show: (1) publication; (2)

falsity; (3) that the defendant acted with knowledge or reckless disregard as to the

falsity on a matter concerning a public figure; (4) actual damages; and (5) the

statement must be defamatory.

60. Pleading in the alternative to the First Cause of Action, Plaintiff re-alleges each of

the statements alleged under the First Cause of Action, supra, as Defamation Per

Se, and here alleges that each of those statements are also General Defamation

under Florida law.

61. Plaintiff Payne thus claims here that if the Court finds that any of the statements labeled "First" through "Third" under the First Cause of Action above do not constitute as Defamation Per Se, than in the alternative the Plaintiff claims here that any and all such statements not qualifying as Defamation Per Se constitute General Defamation against the Plaintiff.

62. Plaintiff therefore re-alleges and incorporates by reference as if set forth fully herein each and all of the statements labeled "First" through "Third" above.

63. In addition, Defendants also made other defamatory statements that are also General Defamation.

64. *Fourth From Youtube Published on Sep 19, 2016 – See Link*

   *https://youtu.be/JcJFgf5rpus*

   *After Some Basic Research, we noticed that Rayon keko Payne's wikipedia has false information. We no this could be a simple mistake. However do to the issue that we are dealing with, we feel it was purposely done to manipulate people to think you beat your appeal in court. Rayon Payne Court Documents Show That a I.N.S judge ordered deportation.*

65. *Fifth From Instagram see link https://www.instagram.com/p/BO_fcRPh1-z/*

   *Convicted Rapist Rayon Payne aka Keko Payne Owner Of Instagram Account @folksalert.tv Has Basically 700 Followers. If These 700 People Follow A Convicted Rapist, What Does It Say About Them. There know Excuses. If You Google Folks Alert It Will Tell You Who The Owner Is And It Will Also Tell You What He Has Been Convicted Of. @folksalert Followers Has Until 10 am Pacific*

*To Unfollow Or We Will Expose All Of You Perverts. (Google The Company &*
*Owner)*

**66. Sixth from Instagram see link https://www.instagram.com/p/BQGXwZ2Ajkg**

*I swear you new niggas are fucking lame*

*af! #rayonpayne#sexualpreditor #kekomardi #folksalertfbi#folksalert*

### THIRD CAUSE OF ACTION
*Common Law Intentional Infliction of Emotional Distress*

67. Plaintiff repeats and re-alleges each and every allegation of the foregoing
paragraphs as if fully set forth herein.

68. Defendants' knowing and intentional posting on social network of the harmful
statements against the Plaintiff has foreseeably and proximately caused the
Plaintiff emotional distress.

69. Defendants' intentional actions were committed with the knowledge that they
would cause extreme physical pain and suffering and cause severe emotional
distress to the Plaintiff.

70. Defendants' actions were willful malicious, deliberate, and were done with
reckless or negligent indifference to the likelihood that such behavior would cause
severe emotional distress and with utter disregard for the consequences of such
actions.

### FOURTH CAUSE OF ACTION
*Common Law Tortious Interference with Prospective Advantage*

71. Plaintiff repeats and re-alleges each and every allegation of the foregoing
paragraphs as if fully set forth herein.

72. Defendants understood that Plaintiff was pursuing the future in the entertainment industry with his blog and podcast and building his fanbase on social network.

73. Defendants were aware that their posting of false and misleading statements about Plaintiff Payne harmed Plaintiff Payne's career and livelihood and his ability to earn a living, including the opportunity for him to sell sponsorships to his show.

74. Defendants' defamation disparaged Plaintiff's Folksalert brand to render it commercially worthless, by claiming that the owner was a rapist.

75. Defendants acted knowingly, willfully and with reckless and negligent disregard of the harm that their post of their false statements would cause to Plaintiff Payne's livelihood, career, and ability to earn a living, including his opportunity to enter into business agreements.

### FIFTH CAUSE OF ACTION
*Common Law Assault (Apprehension)*

76. Plaintiff repeats and re-alleges each and every allegation of the foregoing paragraphs as if fully set forth herein.

77. Plaintiff Payne was in-effect working on building a following on many social network sites with over 100k followers.

78. Defendants' especially high profile social network post of the defamatory untrue statements have placed Plaintiff Payne's life at risk by revealing and disclosing him to the public to groups members, in Florida, domestically and internationally.

79. They are groups who openly pledged to kill members of the public who are able snitches and who work with the FBI.

80. Defendants have placed Plaintiff Payne in immediate fear of bodily harm, injury, and death to him and his family members. Defendants' tortious actions alleged

herein were furthered and aided and abetted by teach other to destroy Plaintiff Payne to prevent him from reporting Human Trafficking crimes.

## DAMAGES WITH REGARD TO ALL COUNTS

81. As a direct and proximate result of the intentional, willful, malicious or negligent actions of Defendants, Plaintiff Payne demands judgment be entered against Defendants each and every one of them, jointly and severally, including an award of compensatory and actual damages in an amount to be determined at trial, as pled below, punitive damages, reasonable, pre-judgment interest, post-interest and costs, and such other relief as the Court may deem just and proper.

82. As a result of Defendants' actions, Plaintiff Payne suffered significant personal harm, including to his business and professional endeavors and prospects, career, and finances.

## PRAYER FOR RELIEF

83. With regard to all counts, Plaintiff demands that judgment be entered against Defendants, each and every one of them, acting in concert, jointly and severally, for compensatory and actual damages in excess of $10 million U.S. Dollars resulting from their financial, reputational, emotional and professional injury to Plaintiff, as well as equitable relief as may be appropriate, and such other relief the Court may deem just and proper. Plaintiff further prays for an award of punitive damages in an amount in excess of $5,000,000.00 U.S. Dollars, to punish Defendants for their outrageous, deceitful, unprecedented, vicious and malicious conduct toward Plaintiff Payne.

84. Last Plaintiff Payne move for an order from this court directing the social network site, Internet service provider (ISP) to remove all defamatory statements made posted on their platform and restrict said user account from posting any defamatory statements in the future.

## JURY DEMAND

Plaintiff respectfully demands a jury trial on all issues so triable.

Dated: January, 1 , 2018                    Respectfully submitted,

Rayon "Keko" Payne, Pro Se
8815 Conroy Windermere Rd
Ste. #208
Orlando Fl 32835
Phone: 415-236-2676
Email: info@rayonpayne.com
Website: www.rayonpayne.com