# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**RAYON PAYNE,**

      **Plaintiff,**

v.                                                                              Case No:    6:18-cv-3-Orl-18KRS

**KENNETH IVY, WARREN K.
BARCONIA, AKUA EDU BURNS,
BRIAN DINGLE, ASHLEY M. GERMON
and JOHN & JANE DOE'S (1-50),**

      **Defendants.**

## AMENDED REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   **APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (Doc. No. 7)**
>
> **FILED:**    **January 16, 2018**

On January 2, 2018, Plaintiff Rayon "Keko" Payne filed a complaint against Defendants Kenneth Ivy, Warren K. Barconia, Akua Edu Burns, Brian Dingle, Ashley M. Germon, and John & Jane Does (1-50).  Doc. No. 1.  Plaintiff asserted causes of action for common law defamation per se, general defamation, intentional infliction of emotional distress, tortious interference with prospective advantage, and assault based on social media posts  Concurrent with his complaint, Plaintiff filed a motion to proceed *in forma pauperis* (Doc. No. 2), which was referred to me for issuance of a Report and Recommendation.   On January 10, 2018, I recommended that the motion

be denied because Plaintiff's complaint failed to establish that this Court has diversity jurisdiction over this action. Specifically, Plaintiff—who alleges he is a Florida citizen—failed to properly allege the citizenship of the Defendants by alleging each Defendant's residency rather than domicile. I recommended that Plaintiff be given the chance to amend his complaint to properly allege the Defendants' citizenship. Doc. No. 5. Before the Court ruled on my Report and Recommendation, Plaintiff filed an amended complaint. Doc. No. 6.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), when a plaintiff seeks to proceed *in forma pauperis* the Court is required to consider whether the plaintiff's complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See also* Local Rule 4.07; *Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) (Lay, J., concurring) ("Section 1915(e) applies to all [in forma pauperis] litigants - prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories."). Additionally, under Rule 12(h)(3) of the Federal Rules of Civil Procedure, a district court may at any time, upon motion or *sua sponte*, act to address the potential lack of subject matter jurisdiction in a case. *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006) (citing *Howard v. Lemmons*, 547 F.2d 290, 290 n.1 (5th Cir. 1977)). "[I]t is incumbent upon federal courts trial and appellate to constantly examine the basis of jurisdiction, doing so on our own motion if necessary." *Save the Bay, Inc. v. United States Army*, 639 F.2d 1100, 1102 (5th Cir. 1981). Federal courts are courts of limited jurisdiction; therefore, the Court must inquire into its subject matter jurisdiction, even when a party has not challenged it. *See, e.g., Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

In the amended complaint, Plaintiff asserts the same causes of action and attempts to correct the deficient allegations of Defendants' citizenship by alleging "upon information and belief" that

the Defendants are citizens of Texas, Georgia, California and Arizona.  Doc. No. 6, ¶¶ 8-12.  Allegations made "upon information and belief" are not sufficient to support jurisdictional allegations, however.  *See Handforth v. Stenotype Institute of Jacksonville, Inc.*, No. 3:09-cv-361-J-32MCR, 2010 WL 55578, 2 (M.D. Fla. Jan. 4, 2010) (finding allegations of citizenship "upon information and belief" to be insufficient to support diversity); *Principle Solutions LLC v. Feed.Ing BV*, Case No. 13-C-223, 2013 WL 2458630 (E.D. Wisc. June 5, 2013) ("It is well-settled that a plaintiff claiming diversity jurisdiction may not do so on the basis of information and belief, only personal knowledge is sufficient.").  Accordingly, as indicated in the original Report and Recommendation, Doc. No. 5, the allegations of the complaint are still insufficient to establish that this Court may exercise diversity jurisdiction in this case.  Plaintiff also has not alleged the citizenship of the John and Jane Doe Defendants.  Generally, the use of a fictitious party pleading device in federal court destroys diversity of citizenship.  *See Gordon v. Autumn Village 2, LLC*, No. 5:08-cv-348 (HL), 2008 WL 4682249, at * 2 (M.D. Ga. Oct. 21, 2008).

 Because Plaintiff alleges only state law causes of action, no basis for federal question jurisdiction exists in this case, either.

Ordinarily, a *pro se* party should be given one opportunity to file an amended complaint that states a claim within this Court's subject-matter jurisdiction on which relief could be granted.  *See Troville v. Venz*, 303 F.3d 1256, 1260 n.5 (11th Cir. 2002).  However, Plaintiff has already exercised his option to file an amended complaint, and the amended complaint remains insufficient for this Court to exercise subject matter jurisdiction.  Notably, Plaintiff has twice before filed similar cases against defendants not named in the current action.  *See Payne v. Standfield*, 6:12-cv-01270-ACC-KRS; *Payne v. Jackson*, 6:12-cv-01356-ACC-KRS.  In both cases, I issued Reports and Recommendations recommending that Plaintiff's complaints be dismissed for failure to

properly allege the domicile of the defendants.[1]  Because Payne has been advised of the manner in which the case must be pleaded in the original Report and Recommendation as well as previous cases, his failure to properly allege diversity jurisdiction in the amended complaint suggests that permitting him to file a second amended complaint would be an exercise in futility.

Therefore, I **RESPECTFULLY RECOMMEND** that the Court **DISMISS** the case and **DIRECT** the Clerk of Court to terminate all pending motions and, thereafter, to close the file. **Payne is cautioned that he may not file another amended complaint unless granted leave to do so by the Court.**

### Notice

A party waives the right to challenge on appeal a finding of fact or conclusion of law adopted by the district judge if the party fails to object to that finding or conclusion within fourteen days after issuance of the Report and Recommendation containing the finding or conclusion.

Recommended in Orlando, Florida on January 22, 2018.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

[1] In both cases, Plaintiff filed amended complaints before the Court ruled on my Reports and Recommendations.  In *Jackson*, I issued an Amended Report and Recommendation recommending that the amended complaint also be dismissed for failure to properly allege diversity jurisdiction.  The presiding judge adopted that recommendation and dismissed the case.  *See* 6:12-cv-01356-ACC-KRS, Doc. Nos. 9, 10.  In *Standfield*, Plaintiff voluntarily dismissed the action shortly after filing his amended complaint.  *See* 6:12-cv-01270-ACC-KRS, Doc. No. 6.